IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARLIN BURRAGE**                                                                   **PLAINTIFF**

v.                                              CIVIL ACTION NO. 1:15-cv-244-HSO-JCG

**JOY ROSS,** *Captain***, and TIMOTHY**
**MORRIS,** *Warden*                                                               **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for recommendation of dismissal. When Plaintiff filed this suit on July 30, 2015, he was a prisoner incarcerated with the Mississippi Department of Corrections at the Central Mississippi Correctional Facility in Pearl, Mississippi. On October 12, 2016, the Court issued an Order Setting Omnibus Hearing (ECF No. 17) and a corresponding Writ of Habeas Corpus ad Testificandum (ECF No. 18). These documents were sent to Plaintiff via certified mail with return receipt requested. On October 24, 2016, the Order and Writ were returned as undeliverable. Plaintiff failed to appear at a duly-noticed omnibus hearing scheduled for December 8, 2016. A Show Cause Order (ECF No. 21) was issued, ordering Plaintiff to show cause in writing why his failure to appear at the omnibus hearing should not result in dismissal of this suit for failure to prosecute.

Plaintiff's show cause response was due December 28, 2016. To date, Plaintiff has not filed a response. Plaintiff was specifically warned that failure to file a timely written response would "result in an immediate recommendation to the District Judge that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (ECF No. 21, at 1). The Show Cause Order was mailed to

Plaintiff at his address of record via certified mail, which was again returned as undeliverable. (ECF No. 24). Plaintiff was repeatedly warned that it is his obligation to keep the Court apprised of a change of address, and that failure to do so would be deemed a purposeful delay and a contumacious act. (ECF No. 3); (ECF No. 4); (ECF No. 8). At no point did Plaintiff file a change of address with the Court. It is apparent that Plaintiff lacks interest in pursuing this suit.

The Court has authority to dismiss an action for a plaintiff's failure to prosecute, both pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

It is the recommendation of the undersigned that this case should be dismissed without prejudice for Plaintiff's failure to obey Orders of the Court and failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and

>submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. Unitped Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 10th day of January, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE