IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARLIN BURRAGE**                                                                         **PLAINTIFF**

**v.**                                                          **CIVIL NO. 1:15cv244-HSO-JCG**

**JOY ROSS, CAPTAIN, and**
**TIMOTHY MORRIS, WARDEN**                                   **DEFENDANTS**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT**
**AND RECOMMENDATION [25] AND DISMISSING**
**PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

This matter comes before the Court on the Report and Recommendation [25] of United States Magistrate Judge John C. Gargiulo, entered on January 10, 2017. The Magistrate Judge recommended that pro se Plaintiff Marlin Burrage's ("Plaintiff") Complaint [1] be dismissed for his failure to respond to Show Cause Order [21] and explain why he failed to appear at the Omnibus Hearing, and generally Plaintiff's failure to prosecute. R. & R. [25] at 1-3. After due consideration of the Report and Recommendation [25], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Plaintiff's claims in this action should be dismissed without prejudice.

On July 30, 2015, Plaintiff filed a Complaint [1] against Defendants Captain Joy Ross and Warden Timothy Morris pursuant to 42 U.S.C. § 1983. On, March 23, 2016, the Magistrate Judge entered a Text Only Order granting Plaintiff's Motion

[16] to amend his Complaint. Plaintiff has not filed anything in this case since filing his Motion [16] on February 19, 2016.

Plaintiff has not updated his mailing address with the Court, even though Plaintiff has been warned in Orders [3] [4] [8] issued by the Magistrate Judge that failure to advise the Court of a change of address would be deemed as a purposeful delay and contumacious act which could result in dismissal of this case. *See* Order [3] at 2; Order [4] at 2; Order [8] at 1-2. Nor has Plaintiff responded to the Magistrate Judge's Show Cause Order [21] or otherwise explained why he failed to update his address or appear at the Omnibus Hearing. *See* Show Cause Order [21] at 1.

On January 10, 2017, the Magistrate Judge entered a Report and Recommendation [25], recommending that Plaintiff's Complaint be dismissed for Plaintiff's failure to obey Orders of the Court and failure to prosecute. R. & R. [25] at 1-3. A copy of the Report and Recommendation was mailed to Plaintiff at his address of record via certified mail on January 10, 2017, and that mail [27] was returned to the Clerk stamped "RETURN TO SENDER" on January 17, 2017. Plaintiff has not objected to the Report and Recommendation, and the time for doing so has passed.

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff did not comply with the Orders entered by the Magistrate Judge even after being warned that failure to do so might result in the dismissal of his lawsuit. Plaintiff has filed nothing in this case since February 19, 2016. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue his case. Dismissal without prejudice is warranted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [25], entered in this case on January 10, 2017, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Marlin Burrage's claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 3rd day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE